Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Paul Velgos*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| PAUL VELGOS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STUDIO 65 DANCE COMPANY, INC.,<br><br>　　　　　Defendant. | CASE NO.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**(INJUNCTIVE RELIEF DEMANDED)** |

Plaintiff PAUL VELGOS by and through his undersigned counsel, brings this Complaint against Defendant STUDIO 65 DANCE COMPANY, INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff PAUL VELGOS ("Velgos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Velgos' original copyrighted Work of authorship after removal of his copyright management information ("CMI")

2. Velgos is a professional photographer who specializes in high-quality cityscape, landscape, and beach photography. His work is available to purchase as prints and licensed for digital download. Velgos has licensed his work over 20,000 times for use in movies, television, books, magazines, websites, prints, wall decor, and more by some of the world\'s most well-known

businesses, including Forbes, The Wall Street Journal, Time, Yahoo! and ABC News. Velgos frequently works directly with businesses and partners with advertising agencies, art consultants, and design consultants on projects.

3. Defendant STUDIO 65 DANCE COMPANY, INC. ("Studio 65") is a state-of-the-art dance studio located at 6506 Lonetree Blvd, Rocklin, CA. The studio offers both recreational and competitive dance programs for ages 2 through adult, including styles such as ballet, tap, jazz, hip-hop, lyrical, and contemporary. The facility includes multiple large dance rooms, student spaces, a parent lounge, and offers free trial classes. It has strong community acclaim, high ratings, and has been voted "best of the best" multiple years in a row. At all times relevant herein, Studio 65 owned and operated the social media pages "studio65dance" on Instagram, located at the internet URL www.instagram.com/studio65dance and "Studio 65 Dance Company Inc." on Facebook, located at the internet URL www.facebook.com/studio65dancecompany (the "Studio 65 Social Media Pages").

4. Velgos alleges that Defendant copied Velgos' copyrighted Work from the internet in order to advertise, market and promote its business activities. Studio 65 committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the Studio 65's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in California.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Studio 65 engaged in infringement in this district, Studio 65 resides in this district, and Studio 65 is subject to personal jurisdiction in this district.

## DEFENDANT

9. Studio 65 Dance Company, Inc. is a California Corporation, with its principal place of business at 6506 Lonetree Boulevard, Suite 103, Rocklin, California, 95765, and can be served by

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                                                                   CASE NO.: _____

serving its Registered Agent, Lucy Cecilia Van Horn, 1620 Albatross Way, Rocklin, California 95765.

### THE COPYRIGHTED WORK AT ISSUE

10.   In 2018, Velgos created the photograph entitled "Downtown San Jose California Sunset Photo," which is shown below and referred to herein as the "Work".



11. At the time Velgos created the Work, Velgos applied CMI to the Work consisting of the words "fine art america" to the bottom right corner.

12. Velgos registered the Work with the Register of Copyrights on December 30, 2018 as part of a group registration. The Group Registration was assigned registration number VAu 1-344-629. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. At all relevant times Velgos was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY STUDIO 65

14. Studio 65 has never been licensed to use the Work for any purpose.

15. On a date after the Work was created, but prior to the filing of this action, Studio 65 copied the Work.

16. On or about May 13, 2025, Velgos discovered the unauthorized use of his Work on the Studio 65 Social Media Pages promoting the dance company in San Jose.

17. Studio 65 copied Velgos' copyrighted Work without Velgos' permission.

18. After Studio 65 copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its dance instruction studio business.

19. Studio 65 copied and distributed Velgos' copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

20. Studio 65 committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

21. Velgos never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

22. When Studio 65 copied and displayed the Work at issue in this case, Studio 65 removed Velgos' CMI from the Work.

23. Velgos never gave Studio 65 permission or authority to remove CMI from the Work at issue in this case.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                    CASE NO.: _____

24. When Studio 65 copied and displayed the Work at issue in this case, Studio 65 added its watermark, "Studio 65 Dance Company" to the photograph.

25. Velgos never gave Studio 65 permission or authority to add its watermark to the Work at issue in this case.

26. Velgos notified Studio 65 of the allegations set forth herein on August 27, 2025, and September 11, 2025. As of this filing, the Parties have failed to resolve the matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

27. Velgos incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Velgos owns a valid copyright in the Work.

29. Velgos registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Studio 65 copied, displayed, and distributed the Work and made derivatives of the Work without Velgos' authorization in violation of 17 U.S.C. § 501.

31. Studio 65 performed the acts alleged in the course and scope of its business activities.

32. Defendant's acts were willful.

33. Velgos has been damaged.

34. The harm caused to Velgos has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

35. Velgos incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36. The Work contains CMI ("CMI").

37. Studio 65 knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work in violation of 17 U.S.C. § 1202(b).

38. Studio 65 committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Velgos' rights in the Work.

39. Studio 65 caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Velgos' rights in the Work.

40. Velgos has been damaged.

41. The harm caused to Velgos has been irreparable.

## COUNT III
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

42. Velgos incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

43. The Work contains false CMI ("CMI").

44. Studio 65 knowingly and with the intent to enable or facilitate copyright infringement, added CMI, its logo to the top center, to the Work in violation of 17 U.S.C. § 1202(a).

45. Studio 65 committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Velgos' rights in the Work protected under the Copyright Act.

46. Studio 65 caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Velgos' rights in the Work.

47. Studio 65 applied it own false CMI upon the Work.

48. After applying the false CMI to the Work, Studio 65 published the Work in violation of 17 U.S.C. § 1202(a).

49. Velgos has been damaged.

50. The harm caused to Velgos has been irreparable.

WHEREFORE, the Plaintiff PAUL VELGOS prays for judgment against the Defendant STUDIO 65 DANCE COMPANY, INC. that:

    a. Studio 65 and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

COMPLAINT FOR COPYRIGHT INFRINGEMENT     CASE NO.: _____

  b. Studio 65 be required to pay Velgos his actual damages and Defendant's profits attributable to the infringement, or, at Velgos' election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

  c. Studio 65 be required to pay Velgos his damages including lost sales and Defendant's profits as provided in 15 U.S.C. § 1125;

  d. Velgos be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

  e. Velgos be awarded pre- and post-judgment interest; and

  f. Velgos be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Velgos hereby demands a trial by jury of all issues so triable.

DATED: February 6, 2026    Respectfully submitted,

        */s/ Matthew L. Rollin*
        MATTHEW L. ROLLIN
        **SRIPLAW, P.A.**
        *Counsel for Plaintiff Paul Velgos*